# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

LONNIE L. JACKSON,

        Petitioner,

        v.                                  Case No. 06-C-1203

JUDY P. SMITH,

        Respondent.

## <u>DECISION AND ORDER</u>

On November 20, 2006, the petitioner, Lonnie L. Jackson, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his May 5, 2003, judgment of conviction in Milwaukee County Circuit Court. He was convicted of four counts of first-degree sexual assault of a child. He received concurrent sentences of fifteen years in prison for the first and second counts, a concurrent sentence of twenty years confinement, plus twenty years of extended supervision, for the third count, and a concurrent sentence of twenty five years in prison, plus twenty years of extended supervision, for the fourth count. The petitioner is currently serving these sentences at the Oshkosh Correctional Institution in Oshkosh, Wisconsin.

The petitioner raises the following grounds in his habeas petition and his addendum to ground one: 1) the trial court improperly held a second preliminary hearing after the first hearing was found to be flawed by a trial judge; 2) three of the charges were multiplicious; 3) there was insufficient evidence to convict him; 4) the jury instructions were improper and

the court abused its discretion by failing to allow the petitioner to call an alibi witness or present a fair defense; and 5) he received ineffective assistance by both trial and post-conviction counsel.

This court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By an order dated December 08, 2006, this court determined that the "it does <u>not</u> plainly appear from 'the face of the petition' that the petitioner is <u>not</u> entitled to relief. Additionally, the court granted the petitioner's motion to stay the petition pending the completion of state court proceedings. By an order dated July 18, 2008, this court granted the petitioner's motion to reopen his petition for a writ of habeas and ordered the respondent to answer the petition. The respondent answered the petition for a writ of habeas corpus. The parties subsequently briefed the petition and, therefore, the petition is ready for disposition and will be addressed herein.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

## RELEVANT FACTUAL BACKGROUND[1]

The petitioner was charged on October 31, 2001 with sexually assaulting the victim, Brittany S., when she was under the age of thirteen. He was initially charged with one

---

[1] The relevant background information is taken from the parties' proposed findings of fact which are undisputed.

count of sexually assaulting her, which involved an incident on October 21, 2001. On this date, the petitioner had videotaped himself fondling the victim.

The petitioner's preliminary hearing was held on January 22, 2002, after he had waived his right to have the preliminary hearing within the ten-day statutory deadline. At the hearing, the circuit court ruled that a video of an interview in which the victim described the sexual assault and the stipulations of the victim's address and identification of the petitioner provided probable cause to bind over the plaintiff for trial. The video relied on by the circuit court was not played in open court or put on the record.

On August 28, 2002, the circuit court ruled that the preliminary hearing was procedurally defective because "[t]here was no record made of what it was that was the evidence" and that the proper remedy was "either to have the record satisfactorily reconstructed or to have a new preliminary hearing." (Brief in Opposition to Petition for Writ of Habeas Corpus [Brief in Opposition], Exh. HH at 33). The court ultimately held that the proper remedy, based on the Wisconsin Supreme Court's decision in State v. Webb, 467 N.W.2d 108 (1991), was to hold a new preliminary hearing.

The petitioner's second preliminary hearing was held on September 6 and 13, 2002. A police officer who investigated the sexual assaults and a child-protection worker who interviewed the victim and made the video testified at the hearing. The circuit court ruled that the video was admissible under Wis. Stat. § 908.08. The court additionally ruled that there was probable cause to bind over the plaintiff for trial.

The petitioner then filed a motion to dismiss, alleging that the court lacked authority to order the second preliminary hearing and had lost personal jurisdiction over him because the second preliminary hearing was held outside the ten-day statutory deadline.

The trial court denied his motion and the Wisconsin Court of Appeals denied his petition for leave to appeal this non-final order.

After the second preliminary hearing, the state filed an amended information charging the plaintiff with the following crimes: (1) sexually assaulting the victim "between June, 1998 and October, 1999, at 5700 North 61st St., City of Milwaukee"; (2) sexually assaulting the victim "between October, 1999 and March, 2001, at 2725 North 22nd St., City of Milwaukee"; (3) sexually assaulting the victim "between March, 2001 and October 1, 2001, at 1944 N 26th St., City of Milwaukee"; and (4) sexually assaulting the victim "on October 25, 2001, at 1944 N 26th St, City of Milwaukee." (Brief in Opposition, Exh. N). The petitioner was convicted on May 5, 2003, of all four counts of first-degree sexual assault of a child.

After his conviction, the petitioner filed a direct appeal, raising the hearing issue. On December 14, 2004, the court of appeals found that the petitioner had waived his right to have the preliminary hearing held within the ten-day time limit. The court also found that the court's own precedent "support[ed] [its] conclusion that the holding of a second preliminary hearing outside the time limit did not result in a loss of personal jurisdiction." (Answer to Petition for Writ of Habeas Corpus [Answer], Exh. B at 7). In addition, the court stated that the plaintiff's "first preliminary hearing resulted in both a probable cause finding and a bindover as contemplated by Wis. State. §970.03(7)" and that even if the circuit court had erred, any error did not affect his trial. Id. at 9-10.

The petitioner then appealed his conviction, raising a sufficiency of the evidence claim. The court of appeals framed the issue as follows: whether "the evidence, viewed most favorably to the state and the conviction, [wa]s so lacking in probative value and force

- 4 -

that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." (Answer, Exh. C at 11). On August 16, 2005, the court concluded that "the record reveals more than ample evidence to convict" the petitioner. Id.

The petitioner raised the issue of ineffective assistance of counsel for the first time in a Wis. Stat. § 974.06 motion. In circuit court, he asserted that his post-conviction counsel on his direct appeal was ineffective for not raising an ineffective assistance of trial counsel claim. According to the petitioner, his trial counsel "failed to conduct any kind of investigation as to the defendant's charges, failed to interview and speak to defendant's witnesses, and to seek their attendance at trial, failed to honor defendant's repeated requests for a 'Bench trial' and not a 'Jury trial,' [and] failed to reaffirm the objection as to the videotape evidence." (Brief in Opposition, Exh. W at 2-3). He also asserted that trial counsel failed to move to dismiss the amended charges as multiplicious.

On October 10, 2006, the circuit court concluded that the petitioner's allegations were "wholly conclusory and insufficient to state a valid claim for relief." (Answer, Exh. F at 3). The plaintiff appealed his claim and on January 29, 2008, the court of appeals affirmed the trial court's decision. The court noted that the plaintiff was "actually criticizing post-conviction counsel for failing to previously raise trial counsel's alleged ineffectiveness." (Answer, Exh. H at 5, n.4). However, the court stated that "[f]or brevity's sake, [it would] refer to the ineffective assistance allegations as against trial counsel." Id.

The court of appeals held that the petitioner had failed to establish that he was prejudiced by his trial counsel's failure to request a bench trial, object to video evidence, and secure witnesses. With regard to the failure to secure witnesses, the appeals court stated:

[i]nsofar as Jackson contends that his trial counsel should have moved for a continuance to investigate these matters, the petitioner has not alleged with particularity the identity of these potential witnesses or the substance of their proposed testimony. Jackson's failure . . . also negates his entitlement to an evidentiary hearing on his continuance allegations because he has not alleged sufficient material facts to demonstrate that a continuance would have been reasonably probable to have changed the outcome.

Id. at 5. As to the bench trial claim, the court of appeals stated:

Jackson claims that he repeatedly told his trial counsel that he wanted a bench trial, not a jury trial. The trial court claimed it was unaware of his alleged request. Jackson is entitled to a jury trial, not a bench trial. Consequently, Jackson must show that he timely told his trial counsel that he did not want a jury trial, that trial counsel did not have a strategic objective in not timely informing the trial court of Jackson's request, and that had Jackson not had a jury trial it was reasonably probable that the outcome would have been different. Therefore, even if Jackson had timely told his trial counsel that he did not want his case tried to a jury, he has not shown how he was prejudiced by a jury trial. Without showing prejudice, he cannot prevail on an ineffective assistance claim.

Id. at 7.

Regarding the video-recording issue, the court observed that the trial attorney had "repeatedly objected to the tape's admissibility." Id. at 7-8. It found that counsel was not ineffective for failing to "reaffirm" the objection at trial, because the petitioner "has not shown prejudice, namely, that had trial counsel repeated his objection it is reasonably probable that the trial court would have reconsidered its ruling." Id. Finally, with respect to his the petitioner's claim that trial counsel was ineffective for not raising a multiplicity argument regarding counts one through three, the court stated:

Jackson also alleged that his trial counsel should have moved to dismiss the amended charges as multiplicitous, overly broad and vague, claiming that there were no differences among several of the charges. He misunderstands, however, that the difference was factual; each charged offense occurred at a different time. Each contact constitutes a separate and distinct sexual assault. Jackson's multiplicity allegations are conclusively

- 6 -

> belied by the record because each charged assault allegedly occurred at a
> different time.

Id. at 6.  Thus, the court rejected all of the petitioner's ineffective assistance of counsel

claims.

In his § 974.06 motion, the petitioner also raised the jury instruction claim for the first

time and also raised his alibi-witness claim, arguing at both the trial court and court of

appeals that the trial court abused its discretion by denying his request for a continuance

to secure an alibi witness.  The court of appeals did not directly address either claim.

However, it held that the petitioner was procedurally barred under § 974.06 and State v.

Escalona-Naranjo, 517 N.W.2d 157 (1994), from raising independent claims not connected

to the ineffective assistance claims.  According to the court, § 974.06 prohibits defendants

who have already filed a direct appeal from raising issues in a § 974.06 motion unless they

provide a "sufficient reason" for why they failed to raise the issues before.

In his appeal of his §974.06 motion, the petitioner also challenged counts one

through three for the first time.  The petitioner asserted in the court of appeals that these

counts were multiplicious and violated his due process rights.  He had not previously raised

such claims on direct appeal or in the circuit court.  The court of appeals did not specifically

analyze the multiplicity and due process claims, but again ruled that the petitioner was

procedurally barred from bringing claims that were not connected to the ineffective

assistance of counsel claims.  The court noted that the petitioner had not raised the

multiplicity claim on direct appeal and had not provided a sufficient reason for failing to do

so.

The petitioner filed a petition with the Wisconsin Supreme Court for review of his

§974.06 motion.  He did not include a due process claim, nor did he include any claim regarding jury instructions. On May 13, 2008, the Wisconsin Supreme Court denied the petition for review.

## ANALYSIS

### Procedural Default and Exhaustion of State Remedies

The respondent asserts that the petitioner procedurally defaulted a number of his grounds for habeas relief.  Specifically, the respondent asserts that the following grounds are procedurally defaulted: (1) petitioner's claims that three of his charges were multiplicitous and violated his due process rights; (2) petitioner's claims that the jury instructions were improper and that the trial court erroneously exercised its discretion by not allowing him to call an alibi witness or present a fair defense; and (3) petitioner's claims that his trial counsel was ineffective for not showing him a video recording soon enough before trial and that his post-conviction counsel was ineffective for failing to keep him apprised, to visit him, and "to present all of the facts" of grounds one through three of his petition.

An application for a writ of habeas corpus may be granted only on the grounds that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  In other words, federal habeas corpus relief is limited to claims of violations of federal law.  See Brewer v. Aiken, 935 F.2d 850, 854 (7th Cir. 1991).

Section 2254 of Title 28 U.S.C. requires a district court to make two inquiries before considering a petition for habeas corpus on its merits:

whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is 'no,' the petition is barred either

for failure to exhaust state remedies or for a procedural default.

Verdin v. O'Leary, 972 F.2d 1467, 1472 (7th Cir. 1992) (quoting Henderson v. Thieret, 859 F.2d 492, 496 [7th Cir. 1988]).  A petitioner must fully and fairly present his claims to the state courts as a precondition to exhaustion.  Verdin, 972 F.2d at 1472.  A petitioner presents his claims fully by pursuing all available avenues of relief provided by the state courts before turning to the federal courts.  Kurzawa v. Jordan, 146 F.3d 435, 440 (7th Cir. 1998).

Fair presentment requires the petitioner to have given the state courts a meaningful opportunity to pass upon the substance of the claims he later pursues in federal court.  Howard v. O'Sullivan, 185 F.3d 721, 725 (7th Cir. 1999).  "[F]or a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted to that court."  Verdin, 972 F.2d at 1474 (citing Picard v. Connor, 404 U.S. 270, 277 [1971]).  "'A habeas petitioner must provide the state courts with a fair opportunity to apply constitutional principles and correct any constitutional error committed by the trial court,'" but he "need not cite 'book and verse of the federal constitution' to present a constitutional claim."  Verdin, 972 F.2d at 1474 (quoting United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 453 [7th Cir. 1984]; Picard, 404 U.S. at 278).

The issue of "fair presentment" is also a useful approach for analyzing procedural default.  Verdin, 972 F.2d at 1473 (citing United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 453 n.4 [7th Cir. 1984]["The analysis dealing with whether a state court has been fairly apprised of potential constitutional ramifications of a claimed trial court error is equally applicable to waiver cases."]).  A petitioner must have presented his claims "at the time and

in the way required by state law." <u>Franklin v. Gilmore</u>, 188 F.3d 877, 881 (7th Cir. 1999).

In Ground One of his petition, the petitioner asserts that the circuit court erred by holding a second preliminary hearing regarding count one of his charges "without proper legal authority." (Petition for Writ of Habeas Corpus [Petition], Document at 6). The petitioner states that "the trial court errored [sic] when it allowed the state to have a second preliminary hearing over the clear objections of the petitioner, based upon the fact that petitioner's first preliminary hearing was defective and faulty." <u>Id.</u> According to the petitioner, his due process rights were violated.

> Pursuant to the State statutes governing the laws of preliminary hearings and the time frame allowed, it was clear that the petitioner was in custody (10) month[s] after petitioner's first preliminary hearing was defective and faulty, then the matter should have started over, however, that was not the case, and the petitioner was held under the same bail amount, without a new arraignment [sic] being held according to state law.

<u>Id.</u> at 7.

The respondent asserts that federal relief is not available for this claim because it only involves state law. The respondent further asserts that even if the claim could be construed to involve federal law, any error was harmless. In response, the petitioner states that "to say that the petitioner's claims does [sic] not rely on federal constitutional claims, if [sic] totally far-fetched to say the least. In fact, the petitioner does claim a constitutional violation here, by the fact that he is being held in violation of clearly established State laws." (Reply Brief of Lonnie L. Jackson [Petitioner's Reply Brief], at 6).

Relief under § 2254 is available only for violations of federal law. <u>Wilson-El v. Finnan</u>, 281 Fed. Appx. 589, 592 (7th Cir. 2008). Indeed, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." <u>Estelle v.</u>

McGuire, 502 U.S. 62, 67-68 (1991).  In Estelle, the court found that it was improper for the court of appeals to grant habeas relief based on its conclusion that evidence was incorrectly admitted under state law.  Id.

Although the petitioner vaguely refers to his due process rights in his petition and reply brief, he bases all of his assertions on state, not federal, law.  (Petition, Document at 8; Petitioner's Reply Brief at 6).  He asserts that the circuit court violated state statutes "governing the laws of preliminary hearings and the time frame allowed."  (Petition, Document at 6).  He also confuses state law with federal constitutional law when he states that he "claim[s] a constitutional violation here, by the fact that he is being held in violation of clearly established State laws."  (Petitioner's Reply Brief at 6).  Thus, he states that his claim is based on state, not federal, law.

Even if the petitioner's reference to due process rights is enough to state a federal due process claim, he would still need to show that he fairly presented the claim at the state court level prior to seeking relief at the federal level.  See Lieberman v. Thomas, 505 F.3d 665, 670 (7th Cir. 2007).  Fair presentment requires a petitioner to submit "the operative facts and the controlling legal principles . . . to the state court" and to "assert his federal claim through one complete round of state-court review."  Malone v. Walls, 538 F.3d 744, 753 (7th Cir. 2008).  At the state court level, the petitioner treated his preliminary hearing claim as a state law claim involving the following laws: Wis. Stat. §970.03 (Wisconsin's preliminary hearing statute), the ten-day statutory deadline for holding preliminary hearings, and his waiver of the ten-day deadline.  During his trial and subsequent appeals, he never asserted that his claim involved federal law. See Answer, Exh. B at 15; Brief in Opposition, Exhs. N-P; Exh. EE at 25-26, Exh. FF at 10-14, Exh. GG

at 4-14; Exh. O at 4; Exh. HH at 33; Exh. II at 9, 11-12; Exh. MM at 6. Thus, he has not "fairly presented" a federal claim in state court, and, therefore, ground one is procedurally defaulted.[2]

In an addendum to ground one, the petitioner asserts that three of his charges (counts one through three) were multiplicious and violated his due process rights. According to the petitioner, the state violated his due process rights because he was charged in more than one count for a single offense.

The respondent asserts that the petitioner has procedurally defaulted on the multiplicity and due process claims because the court of appeals "had an independent and adequate state procedural ground for rejecting them and because he did not fairly present them in state court." (Brief in Opposition at 10). Specifically, the respondent states that "the record establishes two bases for procedural default: first, the Wisconsin Court of Appeals' decision that independent claims were procedurally barred under § 974.06 and Escalona-Naranjo, and second, [the petitioner's] failure to present the independent claims through a complete round of state-court litigation." Id. Finally, the respondent states that any exceptions to the procedural default rule should not apply because the petitioner has not raised them and because he "never claims in state court that his post-conviction attorney was ineffective for failing to raise independent claims." Id. at 12. In response, the petitioner asserts that he "has always contended that he had no say into what issue that

---

[2]Even if ground one could be construed to involve a federal claim that was fairly presented in state court, federal habeas relief is not available because any error with the petitioner's preliminary hearing was harmless. Harmless errors are errors that do not have a "substantial and injurious effect or influence in determining [the] jury's verdict." Hinton v. Uchtman, 395 F.3d 810, 820 (7th Cir. 2005). In the present case, the Wisconsin Court of Appeals ruled that the petitioner's first preliminary hearing did not affect his second preliminary hearing or trial. Instead, the state presented additional evidence each time. (Brief in Opposition, Exhs. JJ-KK, TT). Thus, any errors were harmless.

his appellate counsel raised." (Petitioner's Reply Brief at 1-2).

"If a state court rejects a prisoner's federal claim on adequate and independent state procedural grounds, then the claim is procedurally defaulted, and a federal court must normally refrain from addressing it when reviewing the prisoner's petition for habeas corpus." Bivens v. Rednour, 2011 WL 2197727, at *3 (7th Cir. 2011).

Under state law, a petitioner cannot raise claims of error that could have been raised in the appeal or in a previous motion under § 974.06(4) unless the petitioner offers a sufficient reason for failing to raise such a claim. Escalona-Naranjo, 517 N.W.2d at 164. § 974.06(4) states that:

> [a]ll grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

The law set forth in § 974.06(4) and Escalona-Naranjo has been recognized as an "independent and adequate state law ground of procedural default." See Perry v. McCaughtry, 308 F.3d 682, 692 (7th Cir. 2002).

In the present case, the court of appeals applied the procedural bar set forth in Escalona-Naranjo to the petitioner's multiplicity and due process claims he raised in his §974.06(4) motion. The court noted that the petitioner had not raised these claims on direct appeal and had not provided a sufficient reason for failing to raise such claims.

Thus, the petitioner has procedurally defaulted on his multiplicity and due process claims.[3]

In ground three of the petition, the petitioner asserts that the jury instructions were improper. Specifically, he states that he asked defense counsel to change part of the instructions, "that part being the elimination of the 'Dates and times of the alleged offenses." (Petition, Document at 11). He further states that "by eliminating the dates and times, restricts the petitioner the right to mount any kind of defense, and is multiplicious in both law and fact." Id. In addition, the petitioner asserts that the trial court abused its discretion by failing to allow him to present an alibi witness. According to the petitioner, "the court failed to provide him with the proper legal reason for the denial, except, that the matter was pending for more than (2) years, thus, not allowing petitioner the right to a fair trial." Id. at 12.

The respondent asserts that the petitioner procedurally defaulted on the claims involving the jury instructions and alibi witness by failing to present them at the state court level. According to the respondent, the court of appeals had an independent and adequate state procedural ground for denying these claims.

Although the petitioner asserted in both the trial court and court of appeals that the trial court erred by removing from the jury instructions the dates and time frame as to the counts with which he was charged, he did not mention the jury instruction in his petition for review to the Wisconsin Supreme Court. With regard to the alibi witness claim, the petitioner asserted in both the trial court and court of appeals that the trial court erred by

---

[3]The petitioner also procedurally defaulted his multiplicity and due process claims by failing to raise them on direct appeal or at the circuit court level. See Malone, 538 F.3d at 753. Rather, he raised them for the first time in the court of appeals, at which time the court applied Escalona-Naranjo's procedural bar.

denying his request regarding the alibi witness.  On appeal to the Wisconsin Supreme Court, he argued that "there was an abuse of discretion by the circuit court when it refused to allow the petitioner the right to call witnesses."  (Answer, Exh. E at 11-12; Exh. G at 15; Exh. I at 2).

The court of appeals held that the petitioner was procedurally barred from raising independent claims not connected to his ineffective assistance claims because he failed to raise them on direct appeal.  According to the court, only the claims involving ineffective assistance provided him with a "sufficient reason" for not previously raising such claims.  (Answer, Exh. H at 2, 10).  Because the jury instruction and alibi witness claims were not related to his claim of ineffective assistance of counsel, the court of appeals applied the procedural bar set forth in Escalona-Naranjo.

The court of appeals' application of the procedural bar constitutes an independent and adequate state procedural ground.  Thus, the petitioner has procedurally defaulted on the jury instruction and alibi witness claims.[4]

The petitioner did not raise in either his direct appeal or subsequent § 974.06 motion his claim that trial counsel failed to conduct an investigation or his claim that trial counsel failed to show him a video recording soon enough before trial.  Thus, he has not fairly presented these claims in state court.  See Malone, 538 F.3d at 753.  Accordingly, the petitioner procedurally defaulted these ineffective assistance of trial counsel claims.  In addition, the petitioner did not claim in the court of appeals "that his post-conviction

---

[4]The petitioner also procedurally defaulted the jury instruction and alibi witness claims by failing to fairly present them at the state court level prior to seeking relief at the federal level.  See Malone, 538 F.3d at 753.  The petitioner raised the issues for the first time during his § 974.06 motion.  He also did not refer to the jury instruction in his petition to the Wisconsin Supreme Court.  His reference to the alibi witness in the petition for review involved vague factual assertions without any reference to the law.

- 15 -

attorney was ineffective for anything other than failing to raise ineffective assistance of trial counsel claims." (Brief in Opposition at 26; Amended Answer, Exh. J. at 36). Thus, he did not fairly present his claim that his post-conviction counsel was ineffective for failing to keep him informed of the appeal in state court. See Malone, 538 F.3d at 753. Therefore, the petitioner procedurally defaulted this claim.

Cause and Prejudice

The petitioner's procedurally defaulted claims may be reviewed "if the petitioner can show cause and prejudice for [his] failure to exhaust [his] claims, or if a failure to review them on these procedural grounds would result in a fundamental miscarriage of justice." Howard, 185 F.3d at 726. "The Supreme Court has defined cause sufficient to excuse procedural default as 'some objective factor external to the defense' which precludes petitioner's ability to pursue his claim in state court." Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) (quoting Murray v. Carrier, 477 U.S. 478, 488 [1986]). A "fundamental miscarriage of justice" is shown where "'a constitutional violation has probably resulted in the conviction of one who is actually innocent . . ..'" Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999) (quoting Murray, 477 U.S. at 495-96). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of new evidence." Schlup, 513 U.S. at 327. Thus, the plaintiff must show that: (1) new evidence exists; and (2) no reasonable juror would have convicted him in light of the new evidence. Id. According to the Court, this standard "ensures that the petitioner's case is 'truly extraordinary.'" Id. (citing McCleskey v. Zant, 499 U.S. 467, 494 [1991]).

The petitioner does not raise either exception in his petition. In his reply brief, he

asserts that actual prejudice would result if this court denies his petition because "counsels were all ineffective and made so many serious errors," including failing to investigate and call alibi witnesses. (Petitioner's Reply Brief at 12). However, "a claim of ineffectiveness must itself have been fairly presented to the state courts before it can establish cause for a procedural default of another claim." Edwards v. Carpenter, 529 U.S. 446, 452-54 (2000). Here, the petitioner did not claim in state court that his post-conviction attorney was ineffective due to a failure to raise the independent claims. Instead, he asserted that his post-conviction attorney was ineffective "for failing to raise ineffective assistance of trial counsel claims based on the independent claims." (Brief in Opposition at 12). This assertion is insufficient to constitute a fair present of the claims in the present case because the petitioner has not previously filed claims regarding his post-conviction attorney's failure to present the independent claims.

Moreover, although the petitioner asserts that a fundamental miscarriage of justice would occur if this court denies his petition, he has not averred that any new evidence exists. He also has not argued that no reasonable jury would have convicted him in light of such new evidence. As such, his assertion is insufficient under the "fundamental miscarriage of justice" exception. Thus, this court is barred from reviewing the petitioner's procedurally defaulted claim. See Spreitzer, 219 F.3d 639, 648 (7th Cir. 2000).

### The Federal Habeas Court's Scope of Review of State Court Rulings

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214 (1996) which provides in pertinent-t part:

An application for a writ of habeas corpus on behalf of a person in

custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This provision entitles federal courts acting within their jurisdiction to interpret the law independently, but requires them to refrain from "fine tuning" state court interpretations. Lindh v. Murphy, 96 F.3d 856, 870-77 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). "Thus, although this court reviews the state court's legal conclusions and mixed questions of law and fact de novo, that review is 'tempered by AEDPA's deferential constraints.'" Hereford v. McCaughtry, 101 F. Supp. 2d 742, 746 (E.D. Wis. 2000) (quoting Sanchez v. Gilmore, 189 F.3d 619, 623 [7th Cir. 1999]).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." Washington v. Smith, 219 F.3d 620, 628 (7th Cir. 2000) (quoting Williams v. Taylor, 529 U.S. 362, 404-05 (2000)). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

under the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

Washington, 219 F.3d at 628. The court went on to explain that the "unreasonable

application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" *Id.* (quoting Williams, 529 U.S. at 413).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 748-49 (7th Cir. 1997). In Morgan v. Krenke, the court explained that:

> [u]nreasonableness is judged by an objective standard and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565-66 (7th Cir. 2000) (quoting Williams, 529 U.S. at 410-11). Therefore, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. Washington, 219 F.3d at 628.

In ground two of his petition, the petitioner asserts that there was insufficient evidence to convict him of all four counts. According to the petitioner, "no other evidence was shown or present[ed] that would lead a jury or the court to the conclusion of guilt." (Petition, Document at 10). He continues to state that the state's chief witness, Brittany S., told the jury "that no other incidents happen[ed], when asked by counsel for the petitioner." Id.

The respondent submits that federal habeas relief is not available for the petitioner's claim of insufficient evidence because the court of appeals' decision regarding this claim

"was not 'contrary to, or involv[ing] an unreasonable application of, clearly established Federal law' or 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" (Brief in Opposition at 13) (quoting 28 U.S.C. §§2254[d][1] & [2]).

When reviewing a sufficiency-of-the-evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Seventh Circuit Court of Appeals has held that the sufficiency-of-the evidence standard adopted by the Wisconsin Supreme Court "effectively duplicates the [United States] Supreme Court standard" set forth in Jackson. Adams v. Bertrand, 453 F.3d 428, 432 (7th Cir. 2006).

Here, the Wisconsin Court of Appeals applied the correct standard, asking whether "the evidence, viewed most favorably to the state and the conviction, [wa]s so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." (Answer, Exh. C at 10). The court answered this question in the negative,  explaining:

> At trial, Brittany S. testified that Jackson sexually assaulted her on October 25, 2001, and on previous occasions. Indeed, Jackson videotaped one of the assaults. As noted, she also testified that, after his arrest, Jackson pleaded with her to deny the assaults, and telephone records supported the testimony of Brittany S. and her mother that Jackson frequently called the family and urged them to recant. Several police officers and a social worker testified to taking statements from Brittany S. in which she described the assaults. These statements were all consistent with one another. Additionally, a sexual assault expert testified that it is fairly common for witnesses and victims to recant their statements about the assaults, especially when the offender is a family member.

Id. at 11-12.

There is no evidence to suggest that the court of appeals unreasonably applied the applicable standard and federal law to the facts of the petitioner's case. The petitioner simply has no factual basis to support his averment that "no other evidence was shown or present[ed] that would lead a jury or the court to the conclusion of guilt." (Petition, Document at 10). The petitioner has not demonstrated that the court of appeals' decision was contrary to, or an unreasonable application of, clearly established federal law in determining that there was sufficient evidence to convict him of all four counts. Therefore, federal habeas relief is not available for ground two of the petition.

Finally, in ground four of the petition, the petitioner asserts that his trial counsel and counsel on direct appeal were ineffective. He asks the court to dismiss with prejudice "the entire case . . . for violations of the petitioner's rights to present a defense." (Petition, Document at 13). Specifically, he asserts that he asked his trial counsel to request a bench trial but "counsel never informed the trial court or the DA concerning his clients [sic] request." Id. In addition, when the petitioner requested that his witnesses be required in court, defense counsel failed to do so, when petitioner asked his trial counsel what kind of investigation was conducted in his case, he said nothing, because the DA had done it for him." Id. He also asserts that his trial counsel was ineffective for failing to "reaffirm" objections to video-recording evidence submitted by the prosecution, for failing to move to dismiss counts one through three on the basis of a multiplicious argument, and for failing to show him the video recording early enough prior to trial.

The petitioner asserts that his post-conviction counsel was ineffective for failing to raise an ineffective assistance of trial counsel claim. He also contends that post-conviction counsel failed to keep him informed regarding the direction of his direct appeal and that he

wrote a letter to his post-conviction attorney regarding "what [he] would like to say in the Court of Appeals, but . . . none of [his] views were ever presented." Id. at 13-14. The respondent asserts that federal habeas relief is not available for the petitioner's ineffective assistance of counsel claim as the court of appeals reasonably applied the standard for evaluating ineffective assistance of counsel claims.

To establish that counsel is ineffective, a petitioner must demonstrate that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). Strickland is "clearly established Federal law, as determined by the Supreme Court of the United States." See Washington, 219 F.3d at 627-28. Pursuant to Strickland, a petitioner "must show that counsel's performance was deficient . . . [and] . . . the deficient performance prejudiced the defense." 466 U.S. at 687. Unless the defendant makes both showings, it cannot be said that the "conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

The first component of the Strickland test requires a petitioner to show that his trial counsel "made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Under the second component, a petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A petitioner must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. If the court determines that the petitioner has failed to satisfy either component of the Strickland test, it need not address

the other.  See Chichakly v. United States, 926 F.2d 624, 630-31 (7th Cir. 1991).  Finally, to overturn a state court's ruling regarding the Strickland standard, the federal court must determine that the court of appeals' rejection of his claim was "either contrary to, or involved an unreasonable application of" the performance and prejudice standards set out in Strickland.  See Washington, 219 F.3d at 628.

The petitioner has not explained how he was prejudiced by his trial counsel's failure to reaffirm objections to video evidence, secure witnesses, or request a bench trial.   For instance, the petitioner failed to list the witnesses or demonstrate that the outcome of a bench trial would likely have differed from the outcome of the jury trial.  He has not shown that the trial court would have excluded the video evidence if counsel had "reaffirmed" his objections to such evidence.   Thus, the court of appeals' rejection of the ineffective assistance of trial counsel claim regarding these averments was not contrary to Strickland:  the petitioner was unable to prove that any deficiencies on the part trial counsel actually prejudiced the defense.  466 U.S. at 687.

The petitioner also has not established that trial counsel was ineffective for failing to move to dismiss counts one through three on the basis of a multiplicity argument.  With regard to this claim, the petitioner cannot show that his trial counsel's performance was deficient under Strickland.  See id.  Indeed, the Seventh Circuit Court of Appeals has held that "where separate counts involve 'distinct facts' – i.e., different dates . . . there is not multiplicity."  United States v. Marquardt, 786 F.2d 771, 778 (7th Cir. 1986).  In the present case, the counts were not multiplicious because each of the counts included dates and locations of the separate sexual assaults.  As such, counsel's failure to move to dismiss the claims on the basis of the multiplicity doctrine did not constitute deficient performance.

See Strickland, 466 U.S. at 687.

The petitioner also cannot show that he was prejudiced by post-conviction counsel's failure to raise an ineffective assistance of trial counsel claim regarding trial counsel's failure to reaffirm objections to video evidence, secure witnesses, request a bench trial, and move to dismiss counts one through three. Because the petitioner cannot satisfy the Strickland standard regarding trial counsel's conduct, he cannot demonstrate that post-conviction counsel was ineffective for failing to assert an ineffective assistance of trial counsel claim. See Strickland, 466 U.S. at 687; Schaff, 190 F.3d at 527.

In sum, for the reasons stated herein, the petitioner's petition for a writ of habeas corpus will be denied.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's petition for writ of habeas corpus be and hereby is **denied.**

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 5th day of October, 2011.

BY THE COURT:

 s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge